## MYERS *a.* JANES.

*Supreme Court, Second District; At Chambers, October,* 1856.

COMMITMENT FOR CONTEMPT.—JURISDICTION.—ADJOURNMENT.

Whether,—when a county judge adjourns the hearing upon an order to show cause why a judgment debtor previously brought before him upon an injunction order for his examination, should not be punished for a contempt in disobeying the order, and nothing is done upon the adjourned day, owing to the absence of the judge,—the judge loses jurisdiction, so that he cannot afterwards make an order to punish for the contempt.—*Query ?*

Where the proofs upon the question of contempt are closed, but no order of committal is made, for the reason that the papers do not show the amount of plaintiff's judgment, and time is given to the plaintiff until a set day to put in proof of the

amount of the judgment, this is not such an *adjournment* as that the judge loses jurisdiction if no further proceedings are had on the set day.

What is the "office" of a county judge?

A party committed for contempt will not be discharged for a mere irregularity in the proceedings in the course of which his committal was made if the officer had jurisdiction.

Where in the course of supplementary proceedings an order is made requiring the judgment debtor to show cause why he should not be punished for contempt in violating the order for his examination, the *jurisdiction* to commit is derived from the original order on which the proceedings are founded, not from the order to show cause why the party should not be punished.

Habeas corpus, to discharge a party committed for a contempt in disobeying an injunction order for his examination as a judgment debtor.

On March 8, 1856, an injunction order, in the usual form, was granted, requiring the defendant Isaac R. Janes to appear before H. A. Nelson, county judge of Dutchess county, on March 11 next. He did not appear, he collected a debt due him, and after March 11 sold a note he held at the time of the service of the order. In July an order was made requiring him to show cause why he should not be punished for collecting the debt and not appearing. On July 12, he was excused for the non-appearance on his submitting to be examined, and was adjudged guilty for collecting the debt. On the examination it first appeared that he had sold the note. The plaintiff had leave to file an affidavit showing the amount due on the judgment, which affidavit was filed; but no order was then made convicting the defendant of contempt. On July 19, an order was made reciting the previous proceedings, and requiring the defendant to show cause on July 24, at 12 o'clock, at the "office" of the county judge in Poughkeepsie, why he should not be punished for collecting the debt and selling the note.

The defendant called at the private law-office of the county judge at 12 o'clock on the 24th. At that hour the judge was engaged in holding court, in the court-room; and the defendant, finding him absent, departed. In the course of the same afternoon an order was made as upon the default of defendant, adjudging him guilty of contempt, and requiring him to pay

a fine and the costs of the proceedings, and requiring the sheriff to commit him till the payment of the fine, costs and sheriff's fees. To be released from this commitment under this order, he procured this writ of habeas corpus from Justice Emott.

*Geo. W. Paine* opposed the discharge.

Emott, J.—The return to this writ of habeas corpus shows that the prisoner is in the custody of the sheriff, under process issued by the county judge of Dutchess county upon a final adjudication made by him that the defendant had been guilty of a contempt in disobeying an order in a supplementary proceeding under chapter 2 of title 9 of the Code. The return alleges a legal ground for the detention ; but the prisoner has put in an answer alleging that certain facts are not properly stated in the return, and that certain allegations then made are untrue. The conclusion which it is sought to establish on the part of the petitioner is that the officer by whom the final adjudication of contempt was made, and by whom the process was issued, had not at the time jurisdiction to make such an order or issue the warrant. This is the only ground upon which the return can be impeached or of the proceedings inquired into. If this allegation is made out, the prisoner must be discharged.

It is not denied but that the county judge had jurisdiction of the subject matter of the proceedings in the course of which the alleged contempt was committed, nor is it denied that at the commencement of the examination, the officer had properly acquired jurisdiction of the person of the petitioner. The fact which the petitioner seeks to make out is that the jurisdiction was subsequently lost.

First it is said that in the course of these supplementary proceedings an adjournment was made by the officer, with the consent of the parties, to July 14. No hour of the day is specified to have been fixed for this adjourned hearing ; and on the 14th, Judge Nelson was absent from the city until after six o'clock in the evening, and then it is said the original proceedings fell to the ground, and the judge lost jurisdiction of the petitioner, and of the case, so that he could not afterwards

make any order to punish him for a contempt previously committed by a violation of the order by which the proceedings were instituted.

Without stopping to consider whether this would be so, I think there is not enough in the proofs before me to establish this state of facts contended for.

The attorneys for the respective parties are directly in conflict in their recollections of what transpired on Saturday the 12th of July. This conflict it would be difficult for me to decide were it not for what is stated by Judge Nelson. In addition to his statement that to the best of his recollection no adjournment was had, and nothing left to be afterwards done, except merely to supply the want of formal proof of the amount due on the plaintiff's judgment, he also states that he had decided the question of the alleged contempt for which Janes was then brought in on the order to show cause on that day (the 12th), and had announced his decision. He also says that the other violation of the order of examination was discovered on the debtor's examination on that day, but that no commitment was then made, nor any further steps then taken to punish the contempt, because the affidavits and proofs did not accurately disclose the amount due on the judgment. Whether the matter was then finally decided or any adjudication made, or whether the proof was closed, or whether it was adjourned to the 14th for further hearing and more proofs, must depend upon the return, and therefore must mainly be determined by the recollection of the officer holding the examination.

An adjournment, if any took place, was his act, and not that of the parties, nor could it ever have been made by their agreement alone. In the direct conflict of the testimony of the counsel engaged therefore, I can see no other course than to rely upon the return and recollection of the county judge, and as he states positively that he had arrived at a decision as to the first contempt, and that no offer of any further evidence or explanation by the defendant on any point in the case was made to or entertained by him, I am satisfied that no adjournment was intended or made by the county judge on July 12, and therefore cannot hold that he then lost jurisdiction of the matter.

Myers a. Janes.

After this an order was made by Judge Nelson for the defendant to show cause before him why he should not be punished for two contempts committed by violations of his order of examination. This order was returnable at the *office of the county judge* on July 24, at 12 M. On that day the judge was occupied holding a court of sessions at the court house until after one o'clock. The defendant did not appear before him at the court house nor at his office after he went there, and he was thereupon adjudged to have committed contempts in the points specified in the order to show cause, and on that determination the warrant was issued by which he is now held.

It is contended that as the county judge was not at his law-office in Market-street at 12 M. of this day or between that and 1 P. M., he lost his jurisdiction, and could not make such an order or issue such a warrant as this. It is at least doubtful whether Janes was not bound to present himself at the hour specified, before the county judge at the court house. The order to show cause did not specify an office at any particular place except in the city of Poughkeepsie, and it would not be an unreasonable construction to hold that the court-room is as much the office of the county judge, when he is engaged there in the public business, as his private law-office.

But whether this be so or not, the whole question is one of regularity merely, and not of jurisdiction. The jurisdiction of the officer was not acquired by, and did not depend upon, the service or return of the order to show cause. The defendant was regularly before him on an order made in proceedings supplementary to execution which were still pending. In the course of these proceedings he had the right to punish the defendant for any contempt or violation of his lawful order which he had committed. The return shows that he did so, and on the return all the proceedings to punish this contempt appear regular. If the adjudication that the defendant had committed a contempt was made a few minutes after the hour or not at the precise place set for the defendant to show cause why he should not be punished for the alleged contempt, that may have been irregular, but it does not affect the jurisdiction of the officer, because that did not depend upon the order to show cause, and

therefore the return cannot be impeached or questioned as to the proceedings on July 24 on this particular.

The return shows an adjudication and process of a competent officer having jurisdiction of the subject matter and of the person of the defendant, and that is all that I am allowed to inquire into in these proceedings.

The prisoner must be remanded.